**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10181 |
| Plaintiff - Appellee, | D.C. No. 2:08-CR-228-RLH-PAL |
| v. | |
| RAYMOND EARL RAFUS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief United States District Judge, Presiding

Submitted March 17, 2011[**]
San Francisco, California

Before: REAVLEY,[***] McKEOWN, and PAEZ, Circuit Judges.

Defendant-Appellant Raymond Earl Rafus appeals his conviction pursuant

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

[***] The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

to a conditional plea of guilty to possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  We affirm.

Rafus argues that the district court erroneously denied his motion to suppress, and he raises two issues.  We review de novo the denial of a motion to suppress, while reviewing for clear error the underlying factual findings.  *United States v. Davis*, 530 F.3d 1069, 1077 (9th Cir. 2008).

Rafus first contends that his seizure on August 20, 2008, by the Clark County, Nevada Gang Task Force was a full scale arrest lacking probable cause rather than a mere investigatory detention.  Police may conduct an investigatory stop under the Fourth Amendment if "the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot."  *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 750 (2002) (internal quotation marks and citations omitted); *see also Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884–85 (1968).  A full scale arrest, however, must be supported by probable cause.  *See Morgan v. Woessner*, 997 F.2d 1244, 1252 (9th Cir. 1993).  Because officers are entitled to take reasonable measures to protect their personal safety, the circumstances of each case must be considered to determine whether an investigatory stop has been transformed through police actions into a full arrest. *See United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir. 1982).

In the instant case, surveillance officers observed Rafus engage in what they believed was a narcotics transaction with the target of their investigation, who was present to conduct a pre-arranged, controlled drug deal with their confidential informant. The district court found that one of the officers, upon noticing Rafus' car, alerted the rest of the task force via radio to Rafus' identity. After reviewing the testimony, we conclude that this factual finding was not clearly erroneous. *See SEC v. Rubera*, 350 F.3d 1084, 1093–94 (9th Cir. 2003) ("So long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous . . . ."). This is significant because many of the same officers in the task force had a previous violent encounter with Rafus approximately one month before while executing a search warrant in an unrelated investigation. During that encounter, Rafus had tried to grab an officer's weapon and had to be subdued by several officers.

In the present encounter, upon witnessing what they believed from their training to be a drug deal, and seeing Rafus apparently drop and retrieve a plastic baggie before driving off, the officers had reasonable suspicion to follow Rafus and conduct an investigatory stop. We conclude from the totality of the circumstances here that the officers were fully justified in effecting the stop as they did with guns drawn, placing Rafus in handcuffs, and frisking him for weapons or

contraband. *See United States v. Guzman-Padilla*, 573 F.3d 865, 884 (9th Cir.

2009) (intrusive means are permissible without converting a stop into an arrest if

the police conduct "is a reasonable response to legitimate safety concerns on the

part of the investigating officers") (internal quotation marks and citation omitted);

*Davis*, 530 F.3d at 1082–83 ("Because officers reasonably suspected that

[defendant] was involved in narcotics activity, it was also reasonable for them to

suspect that he might be armed."); *see also Allen v. City of Los Angeles*, 66 F.3d

1052, 1056 (9th Cir. 1995). Police had legitimate, reasonable suspicion that Rafus

was involved in drug activity, and they knew from the prior violent encounter with

him that he could possibly pose a threat to their safety during the course of the

stop. Their actions were reasonable. *See Allen*, 66 F.3d at 1057 ("The relevant

inquiry is always one of reasonableness under the circumstances.") (quotation

marks and citation omitted).

Rafus next argues that the arresting officer exceeded the scope of a

permissible patdown under *Terry* by manipulating his clothing and seizing the

plastic baggie from his front pocket. An officer conducting a lawful patdown may

seize from the defendant an item that the officer immediately recognizes from

touch to be contraband. *See United States v. Miles*, 247 F.3d 1009, 1013 (9th Cir.

2001) (citing *Minnesota v. Dickerson*, 508 U.S. 366, 375–76, 113 S. Ct. 2130,

2137 (1993)).  Here, the officer lifted Rafus' handcuffs, which had become entangled with his shirt, to access Rafus' waistband for a patdown.  The officer testified that he felt a hard object in Rafus' front pocket that he immediately believed to be crack cocaine.  The officer formed this belief from the feel of the object and his prior observation of Rafus in the mall parking lot.  The officer also observed the top of a plastic baggie protruding from the top of Rafus' pocket, which he then pulled out.  We conclude that the officer did not exceed the scope of a lawful *Terry* stop and patdown.  *See, e.g., United States v. Mattarolo*, 209 F.3d 1153, 1158 (9th Cir. 2000) (officer was alerted to presence of the drugs "by the familiar sensation of plastic sliding against a granular substance," and "[o]nce the presence of drugs became known in this manner, they could be seized without the defendant's consent pursuant to a tactile variation on the 'plain view' rule").

AFFIRMED.